COMMONWEALTH *vs.* CHARLIE MCDONALD. July 16, 1982. At the defendant's trial on indictments charging him with murder in the first degree, assault by means of a dangerous weapon, and assault, the Commonwealth and the defendant introduced evidence of the following facts. In the early evening of August 30, 1980, the defendant and his brother Sonny were participants in a dice game which ended in a heated argument between Sonny and the victim, one Timothy Johnson, who told Sonny, "I'll be back." A short time after the game had ended and the participants had dispersed, the defendant and another brother, Willie, approached Johnson's family who were gathered about in front of Johnson's house. Words and blows (the testimony conflicts) were exchanged, and the defendant and Willie started to leave the area, the defendant walking and Willie driving his car. Just as they were leaving, Johnson drove up and pulled in front of Willie's car. There are numerous accounts of what next happened, but the defendant testified that when he saw the victim reach for a

"shotgun" in the front seat area of the car, he shot him, threw his own gun away, and fled. The defendant only remembered firing one shot. Medical testimony established that there were five entrance and two exit wounds on Johnson's body. The defendant was found not guilty on the assault charges and guilty of manslaughter on the murder indictment. He appeals, alleging numerous errors in the jury instructions.

1. The defendant made no objection at trial to the judge's use of the words "convince," "determine," and "feel" in his jury instructions which the defendant now claims misallocated and diminished the Commonwealth's burden of proof. After reviewing the entire charge, see *Commonwealth* v. *Cundriff*, 382 Mass. 137, 153 (1980), we conclude that there is no substantial risk that a miscarriage of justice has occurred, *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967), even though these words were better left unsaid. This conclusion rests on the facts that the judge correctly instructed on the Commonwealth's burden of proof at the outset of his charge and numerous times thereafter, including the portion on self-defense. Moreover, he informed the jury that when he used the word "convinced" in the charge, he meant "beyond a reasonable doubt, as I explained that term." The judge accurately conveyed the Commonwealth's burden to the jury. *Commonwealth* v. *Watkins*, 377 Mass. 385, 388 (1979). Compare *Commonwealth* v. *Rodriguez*, 370 Mass. 684, 689-691 (1976); *Connolly* v. *Commonwealth*, 377 Mass. 527, 533-536 (1979).

2. The defendant's brother Willie was also indicted and tried for murder in the first degree. The Commonwealth's theory of his guilt was based on a joint enterprise. In his jury instruction on joint enterprise, the judge twice used the words "the murder." The defendant made no objection, but he now claims that the judge's failure to use a conditioned phrase, such as "the possible murder" or "the alleged murder," must be viewed as an improper indication to the jury by the judge as to what inferences the jury should draw. In view of the charge in its entirety as well as the jury's verdict (guilty of manslaughter rather than murder), we see no substantial risk of a miscarriage of justice. See *Commonwealth* v. *Mitchell*, 12 Mass. App. Ct. 354, 357 (1981). We reach the same conclusion on the defendant's claim concerning the judge's instruction on what factors the jury could consider in determining the credibility of the witnesses, including the defendant and his brother, who was acquitted. We do not view the judge's discussion of these factors as error similar or comparable to that found in *Commonwealth* v. *Rodriguez*, 6 Mass. App. Ct. 738, 742-744 (1978), S.C., 378 Mass. 296, 301-302 (1979).

3. In charging on self-defense and excessive force, the judge instructed the jury that they were to consider all the circumstances, "including whether or not [the defendant] had any other avenues or whether he had to shoot five times or more than once in self-defense." Even if we view this statement in the same manner as the defendant, an indication by the

judge to the jury that he believed that they should infer that the defendant shot the victim five times, we would not conclude that a reversal of the defendant's conviction is required. The defendant argues that although there were five entrance and two exit wounds on the victim's body, there was no evidence of the number of bullets recovered from the body nor was there evidence to exclude the possibility that two or more of the five entrance wounds were caused by the same ricocheting bullet, or as the defendant describes it, "one of the bullets which passed through the victim's left arm could have also caused the head or chest wound." The fact remains that one bullet could not have caused the five wounds, and not even the defendant hypothesizes to the contrary. While the defendant only remembered firing once, and the witnesses all remembered the incident differently, one witness testified that she heard five or six shots and the defendant's brother Willie stated that he heard "shots." In view of the circumstances of the case and the charge in its entirety, the trial judge's single reference to five shots must be regarded as harmless error at most, if error at all.

4. Having made no objection at trial to the judge's instructions on self-defense and excessive force, the defendant claims that there is a substantial risk of a miscarriage of justice by reason of the following portion of the charge: "[The defendant] doesn't have to convince you that the means he took were reasonable; the Commonwealth has to convince you that they were not. And if the Commonwealth has not convinced you of that, if, after weighing all the evidence, having in mind the Commonwealth's burden beyond a reasonable doubt that this was not a legitimate self-defense, then you take into consideration whether he used excessive force." The defendant argues that the judge should have instructed the jury that if they concluded that the Commonwealth had met its burden of proving that the defendant had not acted in self-defense, then and only then should the jury consider whether the basis of their conclusion was the amount of force used by the defendant. The judge touched upon all the elements of "a legitimate self-defense" in his charge and conveyed to the jury that if the defendant used reasonable force in defending himself against the victim, he would be entitled to an acquittal; if, however, he used excessive force, he would be guilty of manslaughter. The instructions in their entirety are consistent with *Commonwealth* v. *Kendrick*, 351 Mass. 203, 211-213 (1966). See also *Commonwealth* v. *Bastarache*, 382 Mass. 86, 105 n.15 (1980).

*Judgment affirmed.*

*Ellen K. Wade* for the defendant.

*Linda M. Poulos*, Legal Assistant to the District Attorney (*Michael J. Traft*, Assistant District Attorney & *Robin Pearl*, Legal Assistant to the District Attorney, with her) for the Commonwealth.